ERNST, Appellant, vs. ERNST, Respondent.

*March 5—April 3, 1951.*

For the appellant there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

For the respondent there was a brief by *P. F. Leuch*, attorney, and *E. W. Van Dyke* of counsel, both of Milwaukee, and oral argument by *Mr. Leuch*.

FRITZ, C. J.   During the ninety-day period after the service of the notice of entry of judgment on J. Ed. Ernst there was no service on his behalf of a proposed bill of exceptions as prescribed by sec. 270.47, Stats.  Likewise, there was no application made on his behalf for an extension of said ninety-day period, if before the expiration thereof he had applied for such an extension under sec. 269.45 (1), Stats., which provides:

"The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal."

Instead, J. Ed. Ernst's application for the extension of the time to serve a proposed bill of exceptions is sought under sub. (2) of sec. 269.45, Stats., which reads:

"After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

At a hearing on November 24, 1950, pursuant to said order to show cause, the following facts were established by statements in affidavits: After the service on J. Ed. Ernst on June 16, 1950, of the notice of entry of the judgment, he filed a petition in bankruptcy and was adjudged a bankrupt on June 29, 1950. At a creditors' meeting on July 10, 1950, George D. Prentice was appointed trustee of the bankrupt's estate, and as such trustee he filed on August 1, 1950, a verified petition stating that in his opinion the possibility of obtaining a reversal of the circuit court judgment entered on June 15, 1950, by appealing to the supreme court of Wisconsin, justifies the expense of such an appeal; and an order was entered in the bankruptcy proceedings fixing September 5, 1950, as the date of a creditors' meeting called to consider the advisability of such appeal. At that meeting the referee in bankruptcy decided that an appeal might be taken from said judgment on condition that J. Ed. Ernst provide funds to prosecute the appeal and the trustee gave him until November 1, 1950, to deposit with the trustee sufficient funds to perfect the appeal; and on November 1, 1950, he deposited $500 with the trustee. On November 14, 1950, notice of appeal from said judgment was served and the transcript of testimony was ordered; and on November 20, 1950, the referee in bankruptcy confirmed the verbal order, made at the creditors' meeting on September 5, 1950, by a written order which provided in part:

"It is further ordered that such appeal shall be prosecuted by the bankrupt in trust for and for the use and benefit of the creditors of the trustee and the creditors of this [bankrupt's] estate; and . . . that all of the costs and expenses of such appeal shall be borne by the bankrupt."

In an affidavit the trustee in bankruptcy stated:

That he joins in said appeal and that the appeal is based upon good faith and the firm conclusion on the part of affiant and his attorney, Robert D. Jones, after study of the record and the law applicable to the case that justice requires that the appeal be taken and perfected; that the delay in completing the bill of exceptions was unavoidable and not due to any wilful neglect on the part of the appellant nor of affiant acting as trustee for the creditors and the United States bankruptcy court nor on the part of the trustee's attorney; that the failure to complete the bill of exceptions within the ninety days from entry of judgment is due to excusable neglect, if any, due to the routine practice in the bankruptcy court and carrying out its rules and such reasonable time required for study of the rights of creditors and all parties concerned in arriving at a conclusion that an appeal with a view of obtaining a new trial is both feasible, possible, and right; that the time between July 25, 1950, through September and up to November was entirely necessary to perfect this appeal both from the standpoint of time necessary to study the files and records and take the necessary steps to obtain consent and instructions to complete this appeal under rules of the bankruptcy court and that there was no wilful delay on affiant's part nor the bankrupt's part in perfecting the bill of exceptions and affiant did the work as expeditiously as it could be done, and neither affiant, as trustee, nor his attorney nor the bankrupt were in any way dilatory in perfecting the appeal nor the bill of exceptions.

The trial court, in ordering on December 11, 1950, under sec. 269.45 (2), Stats., the extension of the time for serving and settling the bill of exceptions to February 11, 1951, stated:

"The court is of the opinion that because of the fact that the bankruptcy proceeding, which was instituted after the entry of judgment, intervened, and because of the fact that the consent of the referee in bankruptcy was necessary in order to take the appeal and that such consent was not granted until the 5th of September, the delay on the part of the appellant in settling the bill of exceptions within the statutory period constitutes excusable neglect and the motion to enlarge the time to settle the bill of exceptions is granted."

And in its written order the court stated:

" . . . the court finds that the delay in completing the bill of exceptions within the ninety-day period commencing June 16, 1950, is due to circumstances arising out of the bankruptcy proceedings and excusable neglect on the part of the plaintiff and not due to wilful neglect nor procrastination on the part of the plaintiff and appellant."

Those findings and conclusions clearly warranted the court, in the exercise of its discretion, to order said extension of time for the service of the proposed bill of exceptions. As it is evident that the delay was due to unavoidable circumstances which were beyond the control of J. Ed. Ernst and the trustee in bankruptcy, any negligence in that respect was clearly excusable. As stated in *Daugherty v. Herte,* 249 Wis. 543, 550, 25 N. W. (2d) 437:

"It seems quite clear that sufficient testimony showing good cause for an extension existed." And the trial court "was well within its discretion in granting the order. Serious delays may discredit the good faith of the application and materially weaken the evidence in support of such an application, but no such condition exists here. Upon the facts presented and on the whole record the court was warranted in finding good cause existed for the extension."

*By the Court.*—Order affirmed.